**Gerald R. Harris**
**Attorney and Counselor at Law**
**(Montana Bar No. 11184)**
**P.O. Box 108**
**Saint Xavier, Montana 59075**

S/A Larry McGrail
Federal Bureau of Investigation
2929 Third Avenue North, No. 400
Billings, Montana 59101                              *Via Electronica Mail Message*

**Re:    Notice of Legal Representation on Behalf of Brandon Siemion (Fort Smith, Montana); Federal Tort Claim Investigation**

October 30, 2023

Special Agent McGrail,

  I have recently been retained to provide legal counsel and representation to Mr. Brandon Siemion of Fort Smith, Montana, in relation to an incident which occurred on his property (allotted individual Indian trust land on the Crow Indian Reservation) on October 15-16, 2023.

  As it has been explained to me, this series of incidents is very troubling as it involves Mr. Siemion being legally injured as a criminal trespass victim and legally and physically injured as an assault victim, including by two officers of the Bureau of Indian Affairs.

  In short synopsis, Mr. Siemion has informed me that during the afternoon hours of Sunday, October 15, 2023, he made peaceable contact with a motor vehicle (a sport utility vehicle) on his property being operated by Kirby Bromley (a non-Indian). Also in this vehicle was an adult female (presumptively his wife) and juvenile male. Mr. Siemion stated that he verbally advised Mr. Bromley that he (Bromley was not welcome on Siemion's property due to having not paid Siemion for work performed years ago and swearing at Mr. Siemion when a request for payment was made). It is important to note that the title status report (a type of legal document maintained by the Bureau of Indian Affairs and which provides information related to ownership and legal encumbrances, including public easements or rights of way) provides that there are no public easements or rights of way on Siemion's property. In any event, following the verbal request to leave the property, Mr. Bromley (while driving the SUV) proceeded to "charge at" (my characterization) Mr. Siemion, nearly striking Mr. Siemion. At this point Mr. Siemion brandished his rifle (without pointing it at anyone) to show Mr. Bromley that he (Siemion) could defend himself if Mr. Bromley had intent to potentially ram Mr. Siemion with the SUV. Mr. Bromley then placed the SUV in reverse and backed up very slowly for approximately one-quarter of a mile. It is important to note that Mr. Siemion's wife, Trisha, was an eyewitness to this matter, but as of yet has not been asked to provide a statement to the authorities.

It is also very important to note that brandishing a weapon (including a firearm) is a justified show of force to prevent a forcible offense[1] (such as Aggravated Assault and Assault with a Weapon) under Crow tribal law (reference Title 8B, Chapter 3, Parts 102 and 104 of the Tribal Law and Order Code) along with Montana law[2].

Mr. Bromley, after a bit of posturing, eventually left Mr. Siemion's property. Nothing more happened until the early morning hours of Monday, October 16, 2023 when two uniformed Office of Justice Services BIA police officers came onto Mr. Siemion's property – without an arrest warrant and without a search warrant and without criminal charges having been filed – and "tricked" (my characterization) Mr. Siemion by requesting that he take a hard copy written statement form to give his version of the events from the previous day. Mr. Siemion had earlier requested that they also leave his property unless with a warrant, but allowed them to come to the threshold of his front door so that he could collect the form to make a written statement. Mr. Siemion was then arrested in his home and later charged with six counts[3] in the Crow Tribal Court.

Needless to say, this unfortunate situation invokes both the Bad Men Clause (Article I[4]) of the 1868 Fort Laramie Treaty between the United States and the Crow Tribe, along with the Federal Tort Claims Act (codified at Title 28, United States Code, Chapter 171).

Please note that this is <u>not</u> an administrative claim pursuant to the FTCA (that must be submitted to the Bureau of Indian Affairs), but rather notice that Mr. Siemion is represented by legal counsel and is willing to provide a written statement to the Federal Bureau of Investigation (ideally, as an "interrogatory"-type written statement in response to specific questions, if any, the FBI may have about this situation). Following completion of his investigation, an administrative claim may be presented to both the Interior Department (FTCA) and/or the Justice Department (Treaty "Bad Men" Clause)

---

[1] *Rf.* 2005 CLOC 8B-2-101(25), which defines forcible offense as "any offense which involves the use or threat of physical force or violence against an individual" such as occurred with Bromley charging at Mr. Siemion with an SUV.

[2] *Rf., generally*, Montana Code Annotated Title 45, Chapter 3, Part 1 ("Justifiable Use of Force – When Force Justified") (2021).

[3] Mr. Siemion has not had the opportunity to present his version of the events thus far and it appears that the entirety of the Crow Tribal Court matter depends on the veracity of Mr. Bromley and his wife versus Mr. Siemion and his wife, along with a mistaken viewpoint that there is a public road on Mr. Siemion's property – it is an understatement to say that criminal charges were prematurely filed in the Crow Tribal Court.

[4] The relevant treaty language reads as follows: "If bad men among the whites or among other people, subject to the authority of the United States, shall commit any wrong upon the person or property of the Indians, the United States will, upon proof made to the agent and forwarded to the Commissioner of Indian Affairs at Washington City, proceed at once to cause the offender to be arrested and punished according to the laws of the United States, and also re-imburse the injured person for the loss sustained[.]"

      I greatly appreciate any time and attention you (and/or others within the U.S. Department of Justice) may give to this situation.  I am copying the BIA-OJS Chief of Police and the Crow Tribal Prosecutor to this correspondence.

      Please contact me, via e-mail, should you wish to present Mr. Siemion with a set of questions.  Otherwise, we are likely to prepare a sworn statement (in affidavit form) to the proper authorities for review and consideration.

      Thank you,

*JAY HARRIS (Electronically Signed)*
Gerald "Jay" Harris
Counsel for Brandon Siemion


E-mail Addresses:
Gerald.Harris@Colorado.edu (preferred)
GeraldRayHarris@Outlook.com