Gerald "Jay" Harris
P.O. Box 108
Saint Xavier, Montana 59075
Ph. (406) 425-3504
Gerald.Harris@Colorado.edu
Attorney for the Defendant

## CROW TRIBAL COURT
## IN AND FOR THE CROW INDIAN RESERVATION
## CROW AGENCY, MONTANA

| | | |
|---|---|---|
| **CROW TRIBE,** | ) | |
| | ) | Cause No. **CR 2023-616** |
| Plaintiff, | ) | |
| | ) | Hon. Chief Judge Left Hand |
| | ) | |
| **BRANDON SIEMION**, | ) | **MOTION TO DISMISS** |
| | ) | **AND BRIEF IN SUPPORT** |
| Defendant. | ) | |
| | ) | |

***COMES NOW***, Gerald "Jay" Harris, Counsel for the Defendant, Brandon Lee Seimion, and hereby respectfully submits this *Motion to Dismiss and Brief in Support.*

The Defendant, Brandon Lee Siemion (hereinafter Mr. Siemion), is currently pending trial on seven charges arising from complaints filed by the Bureau of Indian Affairs Office of Justice Services on October 15, 2023 (endorsed by the Tribal Prosecutor/Attorney General on October 16, 2023).

Three of the counts alleged are violations of CLOC § 8B-5-202 ("Aggravated Assault"), a Class A offense with a maximum punishment of up to one (1) year in jail and/or a one-thousand dollar ($1,000) fine.

Two of the counts alleged are violations of CLOC § 8B-5-203 ("Intimidation"), a Class C offense with a maximum punishment of up to six (6) months in jail and/or a five-hundred dollar ($500) fine.

One of the counts alleged is a violation of CLOC §8B-7-301 ("Resisting Arrest"), a Class C offense with a maximum punishment of up to six (6) months in jail and/or a five-hundred dollar ($500) fine.

1

One of the counts[1] alleged is a violation of CLOC § 8B-5-212 ("Malicious Intimidation or Harassment Relating to Civil Human Rights"), a Class A offense with a maximum punishment of up to one (1) year in jail and/or a one-thousand dollar ($1,000) fine.

Each of the criminal complaints in this matter violates Crow tribal law and federal law and should be dismissed. Specifically, as to Count VI ("Malicious Intimidation or Harassment Relating to Civil Human Rights"), the complaint lacks probable cause, as more fully defined herein, and must be dismissed.

## BRIEF IN SUPPORT

### I. Count VI of the Criminal Complaint Violates Fundamental Due Process by Vagueness and Lack of Probable Cause

Count VI of this matter deserves initial legal review due to the extreme nature of the violations of legal standards required for a prosecution under Crow tribal law. The BIA, by the terms of the October 15, 2023 criminal complaint[2], has specifically alleged the following facts against Mr. Siemion:

> That on or about 10/15/2023 at approximately 10:57 p.m. at 7625 Grapevine Road in Fort Smith, MT […] that he [Mr. Siemion] within the exterior boundary of the Crow Indian reservation the above defendant, knowingly intimidated or harassed another person's race, creed, religion, color, national origin or involvement in civil rights or human rights activities, he/she purposely knowingly, with the intent to terrify, intimidate, threaten, harass, annoy, or offend or causes bodily injury to another or causes reasonable apprehension of bodily injury in another; or damages, destroys, or defaces any property of another or any public property. The defendant committed the offenses as stated above, the defendant told the victim who is non-tribal, that his tribal wife is the only one allowed to pass. The defendant stated "You can go, but he can't", the defendant was apprehended at the above arrest location.

[End citation to October 15, 2023 criminal complaint].

The tribal statute[3] defining the offense of Malicious Intimidation or Harassment Relating to Civil Human Rights, reads in its entirety as follows:

**8B-5-212. Malicious intimidation or harassment relating to civil human rights - penalty.**

---

[1] This specific charge is referenced as Count 6 (of 7 total) by Tribal Court notation on the criminal complaint.

[2] Defense would request the Court take judicial notice of the criminal complaints as part of the Court record in this matter.

[3] 2005 CLOC § 8B-5-212.

> (1) A person commits the offense of malicious intimidation or harassment when, because of another person's race, creed, religion, color, national origin, or involvement in civil rights or human rights activities, he/she purposely or knowingly, with the intent to terrify, intimidate, threaten, harass, annoy, or offend:
>
> (a) causes bodily injury to another;
>
> (b) causes reasonable apprehension of bodily injury in another; or
>
> (c) damages, destroys, or defaces any property of another or any public property.
>
> (2) For purposes of this section, "deface" includes but is not limited to cross burning or the placing of any word or symbol commonly associated with racial, religious, or ethnic identity or activities on the property of another without his or her permission.
>
> (3) Malicious intimidation or harassment relating to civil human rights is a Class A offense for which the offender shall be imprisoned in the Crow Tribal Jail for any term not to exceed 1 year or be fined an amount not to exceed $1000.00 payable to the Crow Tribal Court, or both.

[End citation to Crow Criminal Code].

As is clear, this statute has three key elements, described as follows:

1. Purposely or knowingly causing bodily injury, reasonable apprehension of bodily injury or damaging, destroying or defacing property of another or public property, and

2. having intent to terrify, intimidate, threaten, harass, annoy, or offend

3. because of another person's race, creed, religion, color, national origin, or involvement in civil rights or human rights activities

As is perhaps obvious the BIA has presented to the Crow Tribal Court a series of very poorly drafted complaints in this case, but especially with respect to Count VI. For Count VI, the BIA Officer merely cut-and-paste language from the statute and added the following specific allegations (in italics): "*The defendant committed the offenses as stated above, the defendant told the victim who is non-tribal, that his tribal wife is the only one allowed to pass. The defendant stated "You can go, but he can't", the defendant was apprehended at the above arrest location.*" The Court is more than likely aware that there is nothing inherently illegal (or wrong in any sense) with Mr. Siemion (or any person with a legal right for that matter) to exercise their lawful right as a landowner[4] to exclude from their property any other persons not legally entitled to enter or remain on such property. By its own terms, the BIA's criminal complaint violates fundamental due process by not adequately alleging probable cause there was any actual exercise

---

[4] Evidence supporting Mr. Siemion's claim that he is the lawful owner of the property in question will be attached to this Brief in Support as an evidentiary exhibit.

of a human or civil right prevented by Mr. Siemion committing some type of bodily injury or causing reasonable apprehension of bodily injury to another, or by damaging, destroying, or defacing any property of another or any public property.  A well (and lawfully) pleaded criminal complaint would allege specific facts[5] that Mr. Siemion caused bodily injury or reasonable apprehension of bodily injury to another person, or damaged, destroyed or defaced property belonging to another (or the public) based on his intent to terrify, intimidate, threaten, harass, annoy, or offend another person due to their race, creed, religion, color, national origin, or involvement in civil rights or human rights activities.  Simply put, this was not done by the BIA or the Crow Tribal Prosecutor.  Also, a lawfully presented criminal complaint would be accompanied by an affidavit of probable cause.

The 1968 Indian Civil Rights Act[6] and the Bill of Rights[7] of the Crow Tribal Constitution both require a defendant in a criminal proceeding to be adequately informed of the "nature and cause of accusation".  The Court should interpret and apply the phrase "nature and cause" to mean precisely what is says, that is, that a criminal complaint requires the correct citation or reference to a provision of tribal law (the nature of the accusation) and the specific facts alleged to have been committed by the defendant (the cause of the accusation).  This is mirrored by language from the Crow Criminal Procedure Code setting forth the requirements of a criminal complaint, as follows:

> **8A-3-101. The Complaint.**
>
> (1) All criminal prosecutions shall be initiated by complaint.

---

[5] Defense notes to the Court that there are seven counts total in this matter, including three counts of Aggravated Assault and three counts of Intimidation, which do allege in separate charging documents that Mr. Siemion "pointed a rifle directly" at the alleged victims in this case.  This is a matter of factual dispute as between Mr. Siemion and the BIA/Tribal Prosecution, but notably Mr. Siemion was never offered a chance to explain his side of the story prior to the BIA Officers making a warrantless arrest of Mr. Siemion.  In any event, the specific charging document for the Malicious Intimidation or Harassment Relating to Civil Human Rights offense (Count 6) does not make these allegations.

[6] Specifically, 25 U.S.C. 1302(a)(6) (reads, in relevant part, that "No Indian tribe in exercising powers of self-government shall […] deny to any person in a criminal proceeding the right to a speedy and public trial, ***to be informed of the nature and cause of the accusation***, to be confronted with the witnesses against him, to have compulsory process for obtaining witnesses in his favor, and at his own expense to have the assistance of counsel for his defense[.]") [Emphasis added].

[7] Specifically, Article XI, Section 4(f), which reads the same as the previously cited provision of the Indian Civil Rights Act.

(2) *A complaint is the written statement of the essential facts constituting the offense charged*.

(3) All complaints shall be based upon probable cause that the offense charged occurred, and that the person named in the complaint committed the offense.

(4) *Every complaint shall contain*: (a) a written statement describing in ordinary language the nature of the offense committed; (b) the name and description of the person(s) accused; (c) the general location where the alleged offense was committed; (d) the name and code citation of the alleged offense; (e) *the name of the person, if any, against whom the alleged offense was committed*; (f) a statement describing why the court has personal jurisdiction of the person accused in the complaint; (g) the date and approximate time of the commission of the alleged offense, if known; and (h) the Crow Tribal prosecutor's or law enforcement officer's sworn signature.

(5) *An affidavit of probable cause shall accompany the complaint*, and be supported by such additional evidence as the Crow Tribal Judge may demand.

(6) No minor omission from or error in the form of the complaint shall be grounds for dismissal unless the defendant is shown to be significantly prejudiced by the omission or error.

(7) The Crow Tribal Judge shall examine the complaint to: (a) ascertain its validity; (b) determine whether probable cause exists to believe the named defendant has committed the crime alleged; and (c) decide whether an arrest warrant or a summons should be issued if the defendant has not already been taken into custody.

(8) The Crow Tribal Judge shall hold a hearing within 48 hours if the defendant is in custody, or at the next regular court session if the defendant is not in custody, to determine whether probable cause as to the crime exists, and whether the appropriate defendant is named in the complaint.

[End citation to Crow Criminal Procedure Code] [bold and italics added for emphasis].

The emphasized portions of the above-cited statute are at issue in this case. First, there are "essential facts" missing from the criminal complaint supporting Count VI, including and especially what suspect category (e.g., race, creed or color) existed or civil or human right was being exercised or sought to be exercised and what bodily injury or reasonable apprehension of bodily injury is alleged to have been committed by Mr. Siemion. Secondly, there is no reference in the criminal complaint to or identification of the victim or victims in this case. The Court should note that CLOC § 8A-3-101(4) begins with the phrase "Every complaint shall contain". In other words, it is not discretionary for the complaint to identify the victim or victims, *it is legally required*. Finally, whether or not there is a separate affidavit of probable cause accompanying the criminal complaint (another statutory use of the phrase "shall accompany") is not known. These are each legal requirements that necessitate dismissal of this matter, or at a bare minimum necessitate the Tribal Prosecutor requesting leave of the court to amend the complaint.

II.     The Court Should Dismiss All the Criminal Counts Alleged in this Case

5

Mr. Siemion has not been adequately informed of the "cause of the accusations" in this case. Crow tribal law is specific as to what is required in charging documents. Not a single one of the seven criminal complaints in this cause identify a victims or victims, as required by CLOC § 8A-3-101(4). It is also unclear where there are any separate affidavits of probable cause accompanying the criminal complaints, as required by CLOC § 8A-3-101(5). Very importantly, there is also reference in each of the criminal complaints to the time of 10:57 p.m. on October 15, 2024 as the time of the offense. This is directly contradicted by BIA Officer Matthew Segodi's investigative report[8] in this matter (Segodi writes that he received the initial report of the incident at 4:06 p.m. on October 15, 2023 – over six hours prior to the time of the allegation that Segodi put in the criminal complaint).

The legal standard for dismissal on these grounds is whether there has been "significant prejudice" to Mr. Siemion. CLOC 8A-3-101(7) provides as follows:

> No minor omission from or error in the form of the complaint shall be grounds for dismissal unless the defendant is shown to be significantly prejudiced by the omission or error.

[End citation to Crow Criminal Procedure Code].

Identification of victims in the criminal complaint and accompaniment of a *required* affidavit of probable cause, along with a complaining officer misstating when the offense occurred do not only significantly prejudice but are highly prejudicial to any defendant, and the Court should dismiss this matter and all associated counts as legally infirm. Defense acknowledges that in accordance with CLOC § 8A-3-102 ("Amending the Complaint"), the Tribal Prosecutor has the ability to amend a criminal complaint, subject to permission granted by the Court in its discretion. Defense asks[9] that the Court not grant leave to the prosecution for any amendments to any of the criminal complaints in any of the seven counts in this matter.

### III.  The Location of the Alleged Count VI is Not a Public Roadway or Subject to Any Public Right of Way

---

[8] See attached and incorporated **Exhibit 1** (U.S. Department of the Interior, Bureau of Indian Affairs Office of Justice Services document titled "General Report", authored by Officer Segodi on October 16, 2023). Defense files this under seal with the Court.

[9] Defense requests a hearing on any such motion to amend that may be filed by the Tribal Prosecutor.

      While not precisely clear (due to the poorly drafted criminal complaints), it does seem apparent that the BIA Office of Justice Services is alleging that there is a "public access road" (a phrase used in Counts I-III) at the location of 7625 Grapevine Road near Fort Smith.  For purposes of this legal brief, it is presumed that the BIA/Tribal Prosecutor are alleging in Count VI that the "civil human right" at issue is right to the use of a public roadway.  However, this is a legal impossibility in this case.

      The "Grapevine Road" is, in fact, not public in any legal sense.  The Grapevine Road is a dirt/unimproved gravel road that starts near Fort Smith and connects with BIA Highway 91[10].  The Grapevine Road lacks any public rights of way and travels through a hodgepodge[11] of private lands and some Crow tribal lands.  Crow Reservation Allotment No. 2568-A (known as the "White Buffalo Allotment" after the original allottee) is 100% beneficially owned by Mr. Siemion and, in fact, is the location of his residence.  Critically, BIA records do not reflect any public road rights of way.  *See* Exhibit **2** (Title Status Report for Tract No. 2568-A; report certification date of August 31, 2016 and requested on October 16, 2023), incorporated by reference herein[12].  The truth of this matter is fairly simple: the BIA Office of Justice Services (and, apparently, the Crow Tribal Prosecutor) have mistaken the Grapevine Road as being public, when in fact it is not.  Several critical steps in the investigative process were not followed by the BIA, including collecting a statement from Mr. Siemion (and his wife, Trisha, who is also a witness to the incident) and consulting with the BIA's Division of Real Estate Services at the Crow Indian Agency Superintendent's office in Crow Agency.

      As a Crow allottee and landowner, Mr. Siemion has the right to condition entry upon his lands as he sees fit, including through consenting to a proposed right of way or not consenting to a proposed right of way.  *See*, *e.g.*, 25 U.S.C. § 324 (titled "Consent of certain tribes; consent of individual Indians" – statutory authorization for Secretary of the Interior to grant public road rights of ways on Indian allotments with landowner consent) and 25 C.F.R. Part 169 (regulations governing procedures and conditions under which BIA will consider a request to approve rights-

---

[10] BIA Highway 91 is the route that directly connects Pryor to Saint Xavier.

[11] Testimony at hearing may be required to establish in the Court's record this fact.

[12] Examination of the Title Status Report (TSR) in this case reveals that the only rights of way are those held by PacificCorps for electrical transmission corridor lines.

7

of-way over and across individually owned Indian lands).  Put plainly, there is no right of way for a road on an Indian allotment without approval of the Secretary of the Interior and, because there is a single owner of Tract No. 2568-A, landowner consent is required.  Mr. Siemion was exercising his gatekeeper's right as a private landowner, which is activity expressly protected in the Crow Tribal Constitution's Bill of Rights[13].

Note:  As to the allegations that Mr. Siemion "pointed" a rifle at anyone, that is a subject of dispute[14] as Mr. Siemion maintains that he did not point a rifle at anyone.  Mr. Siemion maintains that he was "charged" by a man operating a sport utility motor vehicle and brandished a firearm in self-defense, which is legally privileged under Crow tribal law[15].  Mr. Siemion intends to present an affirmative defense (self-defense) in this matter, should the case proceed to trial.

## CONCLUSION

Based upon each of the foregoing reasons, and any others which law and justice may require.  Mr. Siemion now respectfully prays the Court dismiss all counts in this matter, with prejudice.  Alternatively, if the Court prefers, a hearing to present additional facts (such as the precise location of the incident on Mr. Siemion's land) and make supplemental legal arguments is requested.

**RESPECTFULLY SUBMITTED** this 30th day of January, 2024.


*JAY HARRIS (Electronically Signed)*
Gerald "Jay" Harris
Attorney for Mr. Siemion

---

[13] Article XI, Section 3 of the Crow Tribal Constitution reads as follows: "The individual property rights of any member of the Crow Tribe of Indians shall not be altered, abridged or otherwise affected except as specifically provided in this Constitution."  While not alleged by the BIA/Crow Tribal Prosecutor, Mr. Siemion is a member of the Crow Tribe of Indians and is, for purposes of criminal jurisdiction, a Crow Indian.

[14] Defense acknowledges this is a question of fact properly reserved for trial.

[15] *See* CLOC Title 8B, Chapter 3 ("Justifiable Use of Force").

## CERTIFICATE OF SERVICE

I, Gerald "Jay" Harris, do hereby certify that a true and complete copy of this Motion to Dismiss and Brief in Support was delivered to the Crow Tribal Prosecutor to the following address:

**David H. Sibley**
**Crow Tribal Attorney General/Tribal Prosecutor**
**Crow Agency, Montana 59022**
**David.Sibley@Crow-NSN.gov**